O’NIELB, C. J.
 

 (dissenting). Section 1 of article 12 of the Constitution declares that the educational system of the state shall consist of all public schools and institutions of learning supported in whole or in part by -appropriation of public funds. By Act No. 173 of 1928, the Legislature has undertaken to establish a public school or institution of learning which is not to be supported at -all by appropriation of state funds, but is to be supported entirely by local taxation. In that respect I think the act is unconstitutional.
 
 *665
 
 The act is also violative of section 14 of article 4, which declares that no educational (or charitable) institution, other than the state institutions now existing, or expressly provided for in this Constitution, shall be established by the state except upon a vote of two-thirds of the members elected to each house of the Legislature. The statute is violative also of section 10 of article 10, which authorizes any political subdivision of the state to levy taxes for the construction or improvement or maintenance of a public schoolhouse or other public building, but confers the authority only on school districts or subdistricts to levy taxes for the purpose of giving additional support to public schools. It is plain, therefore, that the purpose of constructing and maintaining a school building is distinct from the purpose of supporting, or “operating,” the school itself. The very reason why the authority of a school district to levy taxes, for the purpose of giving additional support to public schools, is limited to giving
 
 additional
 
 support, is that public schools, in their very nature, are required to be supported partly, at least, by appropriation of the public funds of the state.
 

 The argument made in the prevailing opinion in this case, that the provision in section 2, of article 12 of the Constitution, that the elementary and secondary schools (meaning the grammar schools and high schools) and the higher educational institutions (meaning the state institutions which are so defined in section 9 of the same article) shall be co-ordi-nated as to lead to the standard of higher education established by the Louisiana State University, gives authority for the establishment of junior colleges, is far-fetched. What is meant by that provision in the Constitution is that the courses of study in the elementary and secondary schools and so-called higher educational institutions shall be coordinated so as to fit the student for the standard of higher education furnished by the State University.
 

 As a matter of public policy the idea of establishing junior colleges, as a part of our system of free education, impresses me most favorably; but it ought to be done — and can only be done — either in conformity with, or by amendment of, the system provided for in the Constitution. For these reasons I respectfully dissent from the prevailing opinion and the decree rendered in this case.